UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/14/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Furr's Supermarkets, Inc. |
| **Case Number:** | 01-10779 |

## Document Information

| | |
|---|---|
| **Description:** | Findings of Fact and Conclusions of Law on Lease-Attorney fee issue . |
| **Received on:** | 2002-01-04 10:14:24.000 |
| **Date Filed:** | 2002-01-04 10:14:24.000 |
| **Date Entered On Docket:** | 2002-01-04 00:00:00.000 |

## Filer Information

**Submitted By:**

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
FURRS SUPERMARKETS, INC.
    Debtor.                                          No. 11-01-10779 SA

**FINDINGS OF FACT AND CONCLUSIONS
OF LAW ON LEASE-ATTORNEY FEE ISSUE**

This matter is before the Court on the Briefs of Lakeway Shopping Center ("Lakeway")(docket # 922), Charlene W. Green ("Green")(docket # 923) and River Oaks Properties ("River Oaks")(docket # 921) in Support of Award of Attorney Fees as Part of Cure Amount for Assumption of Leases, and the objections thereto by the Debtor (docket # 928). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (B).

**FACTS**

1. Lakeway is the lessor under a written lease for nonresidential real property located in Truth or Consequences, New Mexico. Green is the lessor under a written lease for nonresidential real property located in El Paso, Texas. River Oaks is the lessor under written leases for three nonresidential real properties, one in Albuquerque (store 874) and two in El Paso, Texas (stores 950 and 952.) Debtor is lessee under these leases.

2. Debtor was in default under the leases. Debtor and the three lessors agreed to the amounts that it would take to

cure the leases, but reserved the issue of whether debtor had to pay the lessors' attorneys fees. (Based on this factual finding, the Court below finds that the lessors are "prevailing parties".)

3. The Lakeway lease provides:

> 24. Attorney's fees. If lessor or lessee files a suit against the other which is in any way connected with this lease, the unsuccessful party shall pay to the prevailing party a reasonable sum for attorney's fees, which shall be deemed to have accrued on the commencement of such action and shall be enforceable whether or not such action is prosecuted to judgment.

4. The Green lease has no express provision for attorney fees.

5. All three River Oaks leases provide in Articles 19:

> In the event the Landlord finds it necessary to retain an attorney in connection with the default by Tenant in any of the agreements or covenants contained in this Lease, Tenant shall pay reasonable attorney's fees to said attorney. In the event of any litigation regarding this Lease, the losing party shall pay to the prevailing party reasonable attorney's fees. If Landlord or Tenant files a suit against the other which is in any way connected with this Lease, the unsuccessful party shall pay to the prevailing party a reasonable sum for attorney's fees, which shall be deemed to have accrued on the commencement of such action and shall be enforceable whether or not such action is prosecuted to judgment.

6. Lakeway seeks $2,116.18 in attorney fees and costs up to the hearing on assumption and assignment, attaching

Case 01-10779-sh7    Doc 1468    Filed 01/04/02    Entered 01/04/02 15:11:00    Page 3 of 10

itemized bills to its brief. The attorneys fees are for the period July 2, 2001 through August 10, 2001 and all fees relate to the assumption and assignment of the lease. The Court has reviewed the documents and finds the fees and expenses reasonable.

7. Green seeks $2,762.49 in attorney fees and costs up to the hearing on assumption and assignment, attaching itemized bills to its brief. The attorneys fees are for the period June 26, 2001 through August 10, 2001 and all fees relate to the assumption and assignment of the lease. The Court has reviewed the documents and finds the fees and expenses reasonable.

8. River Oaks seeks $13,238.71 in attorney fees and costs up to the hearing on assumption and assignment, attaching itemized bills to its brief. The attorneys fees are for the period February 8, 2001 through August 10, 2001. The Court has reviewed the documents, and finds that substantially all attorney fees relate to the cure, assumption or assignment of the leases. The Court finds that 4.85 hours ($800.25) are not related to the leases (e.g., dealing with Motion to Appoint Trustee and Motion for Extension of Exclusivity – the deadlines imposed on the estate by §365(d)(4) operate regardless of the

Case 01-10779-sh7    Doc 1468    Filed 01/04/02    Entered 01/04/02 15:11:00    Page 4 of 10

appointment of a trustee or the Debtor-in-Possession's exclusivity, clerical work of indexing pleadings, letters to the Clerk's office and reviewing motions to employ professionals) and not properly billed as part of the cure amount. The Court finds the remaining fees and expenses in the amount of $12,438.46 reasonable.

**CONCLUSIONS**

1. Bankruptcy Code Section 365 provides, in part:

    (a) [T]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
    (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee–
        (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
        (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
        (C) provides adequate assurance of future performance under such contract or lease.

2. The purpose of Section 365(b)(1)(B) is to indemnify the other party to the contract or lease being assumed against loss. Andrew v. KMR Corporation (In re Bullock), 17 B.R. 438, 439 (9th Cir. B.A.P. 1982).

3.  Bankruptcy Courts consistently hold that lessors are entitled to recover reasonable attorney fees under § 365(b)(1)(B) as a condition of assumption of a lease, if those fees would be allowed under state law.

    > Attorney's fees incurred in attempting to collect sums due from debtors following default may be recovered as pecuniary loss under § 365(b)(1)(B) if such monies were expended as the result of a default under the contract or lease between the parties and are recoverable under the contract and applicable state law.

    Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Incorporated), 167 F.3d 843, 849 (4th Cir. 1999). See also In re Westview 74th Street Drug Corp., 59 B.R. 747, 756 (Bankr. S.D. N.Y. 1986)(Cases consistently recognize that an express contractual provision for attorney's fees gives rise to a right to obtain those fees as part of curing the default and in compensation for actual pecuniary loss.)

4.  Section 365 by itself does not give a creditor greater rights than it would have under the contract or lease that gives rise to the debt.  In re Ryan's Subs, Inc., 165 B.R. 465, 468 (Bankr. W.D. Mo. 1994).

5.  Section 365(b)(1)(B) does not create an independent basis for recovery of attorney fees that are not provided for in the lease being assumed.  In re Mid American Oil,

Inc., 255 B.R. 839, 841 n. 1 (Bankr. M.D. Tn. 2000); Lacey v. Westside Print Works, Inc. (In re Westside Print Works, Inc.), 180 B.R. 557, 564 (9th Cir. B.A.P. 1995)("We also conclude that the American rule prohibits award of attorney's fees pursuant to subsection (B)."); Ryan's Subs, Inc., 165 B.R. at 468.

6. In general, under Texas law, attorneys fees are not recoverable unless provided for by statute or by contract between the parties. Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc., 938 S.W.2d 102, 118 (Tx. Ct. App. 1997) (treating real property lease as a contract).

7. In general, under New Mexico law, absent contract, statute, or rule of court, attorney fees are not recoverable. New Mexico Right to Choose/NARAL v. Johnson, 127 N.M. 654, 657, 986 P.2d 450, 453 (1999).

8. The Lakeway lease, for New Mexico real property, provides for an award of attorney fees to the prevailing party. Lakeway incurred attorney fees with respect to Debtor's cure, assumption and assignment of the lease. Lakeway is a prevailing party because Debtor was in default under the terms of the leases; at the August 14, 2001 hearing Debtor and Lakeway announced an agreement on the cure amount and Lakeway reserved the attorney fee issue

pending this ruling. Lakeway's fees are therefore recoverable under §365(b)(1)(B).

9. The Green lease does not provide for an award of attorney fees. Therefore, if she is entitled to fees it would be pursuant to statute.

10. Under the Texas Civil Practice & Remedies Code § 38.001:

> A person may recover reasonable attorneys fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ...
> (8) an oral or written contract.

Texas Civil Practice & Remedies Code chapter 38 allows for recovery of attorneys fees associated with a successful claim on an oral or written contract. <u>Federal Deposit Insurance Corporation v. Graham</u>, 882 S.W.2d 890, 900 (Ct. App. Tx. 1994). In order to recover fees under Chapter 38, a party must be the "prevailing party" in the case. <u>Id.</u> A prevailing party is "one of the parties to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention." <u>Id.</u>

11. Section 38.001 has been applied in the context of written leases to award lessors' attorney fees in the absence of an explicit provision for such an award in the lease.

Case 01-10779-sh7    Doc 1468    Filed 01/04/02    Entered 01/04/02 15:11:00    Page 8 of 10

See Estes v. Wilson, 682 S.W.2d 711, 718 (Tx. Ct. App. 1984).

12. Section 38.002 governs the procedure for recovery of attorney's fees. The claimant must present the claim to the opposing party and payment for amounts owed must not have been tendered within 30 days. Texas Civil Practice & Remedies Code § 38.002(2) and (3).

13. Under state law, Green may be entitled to her attorney fees. The record does not indicate whether demand was made or when any payment was made; nor have the parties argued that the automatic stay interacts with the Texas statute to excuse demand. The Court will set a preliminary hearing on these issues.

14. The River Oaks leases provide for an award of attorney fees. River Oaks incurred attorney fees with respect to Debtor's cure, assumption and assignment of the lease. River Oaks is a prevailing party because Debtor was in default under the terms of the leases; at the August 14, 2001 hearing Debtor and River Oaks announced an agreement on the cure amount and River Oaks reserved the attorney fee issue pending this ruling. River Oak's fees are therefore recoverable under § 365(b)(1)(B), in the amount permitted by the Court.

Case 01-10779-sh7    Doc 1468    Filed 01/04/02    Entered 01/04/02 15:11:00    Page 9 of 10

_[signature]_

Honorable James S. Starzynski
United States Bankruptcy Judge


I hereby certify that on January 4, 2002, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered, or mailed to the listed counsel and parties.

David T. Thuma
500 Marquette NW Suite 650
Albuquerque, NM 87102

Carlos Miranda
4695 N. Mesa St.
El Paso, TX 79912

Yvette Gonzales
PO Box 1037
Placitas, NM 87043-1037

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

_James E. Burke_