# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/14/06  . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Furr's Supermarkets, Inc. |
| **Case Number:** | 01-10779 |

### Document Information

| | |
|---|---|
| **Description:** | Order Granting [1535-1] Trustee Yvette Gonzales' Motion To extend Time within which the debtor may assume or reject the El Paso Warehouse lease through 6/30/02 . |
| **Received on:** | 2002-02-15 10:09:26.000 |
| **Date Filed:** | 2002-02-15 10:09:26.000 |
| **Date Entered On Docket:** | 2002-02-15 00:00:00.000 |

### Filer Information

**Submitted By:**

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

FURR'S SUPERMARKETS, INC.,   Case No. 11-01-10779-SA

Debtor.   Chapter 11

## ORDER EXTENDING TIME WITHIN WHICH TRUSTEE MAY ASSUME OR REJECT UNEXPIRED LEASE OF EL PASO DISTRIBUTION CENTER

On January 29, 2002, Yvette J. Gonzales, the duly appointed Chapter 7 trustee (the "Trustee"), filed her Motion to Extend Time Within Which the Debtor May Assume or Reject the El Paso Warehouse Lease (the "Motion") and the Court, being duly advised in the premises; having taken evidence on the matter, reviewed the briefs submitted by the parties, and heard arguments of counsel; and being otherwise duly advised in the premises, hereby FINDS:

A. Notice of the Motion was good and sufficient under the circumstances and no further notice is or shall be required.

B. The objection to the Motion filed by El Paso Properties Corp. ("El Paso") was timely filed.

C. Good and sufficient cause exists to extend the time within which the Trustee must elect to assume or reject the unexpired lease of the warehouse property located at 9820 Railroad Drive and 9601 Railroad Drive in El Paso, Texas (the "Warehouse Lease"), subject to the terms and conditions of this Order.

PI-810904 v2 0104040-0733

D. The Court incorporates by reference its oral findings of fact and conclusions of law read into the record on February 13, 2002, pursuant to Bankruptcy Rule 7052.

In view of the foregoing, the Court hereby ORDERS:

1. <u>Extension of Deadline to Assume or Reject the Warehouse Lease</u>. The last day for the Trustee to assume or reject the Warehouse Lease shall be extended until June 30, 2002, so long as the Trustee fully and timely complies with each and all of the requirements set forth below.

2. <u>February 17, 2002 Deadline for Payments</u>. On or before 11:59 p.m. MDT on Sunday, February 17, 2002, the Trustee shall pay to Kirkpatrick & Lockhart LLP, counsel for El Paso, the following amounts:

| | |
|---|---|
| Two months of rent: | $44,000.00 |
| Two months of property taxes | $36,633.74 |
| Rent for 2/18/02-2/28/02 | $ 9,428.57 |
| Taxes for 2/18/02-2/28/02 | $ 7,850.09 |
| Total | $97,912.40 |

The total amount can be paid by wire transfer to the trust account of Kirkpatrick & Lockhart LLP (Mr. Cheever shall forward accurate and complete wiring instructions to the Trustee's counsel by 5:00 p.m. MDT on February 14, 2002), or by cashier's check payable to Kirkpartick & Lockhart LLP, and delivered to Kirkpatrick & Lockhart LLP at the address set forth below.

3. <u>February 17, 2002 Deadline for Insurance Coverage</u>. On or before 11:59 p.m. MDT on Sunday, February 17, 2002, the Trustee shall deliver by facsimile or

-2-

"hard copy" to George Cheever, a member of the firm of Kirkpatrick & Lockhart LLP, at the address and/or fax number set forth below, customary evidence that the property subject to the Warehouse Lease is insured, with at least $7,500,000 of insurance for property and $1,000,000 of insurance for liability, for a period of at least three months. The insurance policy or policies shall show the following parties as additional loss payees and additional insureds, as their interests may appear:

>El Paso Properties Corp.
>Janus Financial Corporation
>Janus Associates
>Rosemary G. Daly
>Richard O. Jacobson

4. <u>Subsequent Monthly Deadlines</u>. On or before 5:00 p.m. MDT on February 28, 2002, and on or before the last business day of each month thereafter, the Trustee shall deliver to Mr. Cheever by check payable to Kirkpatrick & Lockhart LLP and delivered to Kirkpatrick & Lockhart LLP at the address set forth below, or by wire transfer per the instructions Mr. Cheever shall deliver to the Trustee's counsel, the following:

a. Rent for the coming month in the amount of $22,000 per month;

b. Taxes for the coming month in the amount of $18, 316.87 per month; and

c. Evidence (unless previously provided) that the leased premises are insured for the three coming months, in accordance with paragraph 3 above.

-3-

Delivery of the funds by a check drawn to the order of Kirkpartick & Lockhart LLP on one of the Trustee's bank accounts shall be sufficient, so long as the check is not dishonored upon presentment for payment in the normal course of business.

5. <u>Utilities</u>. The Trustee shall cause all utilities to be and remain in full service and all bills for utility service after December 19, 2001 to be paid in full on a current basis. If any utility service is not currently connected, the Trustee shall use due diligence to have the service connected and then shall pay all bill in full on a current basis. Telephone service will be promptly connected only if required for insurance purposes.

6. <u>Default</u>. If, at any time on or before June 30, 2002, the Trustee defaults in any of her obligations set forth in this Order, including without limitation, the continuous effectiveness of the insurance coverage as provided in paragraph 3 above, then the Warehouse Lease shall be deemed automatically and irrevocably rejected as of the date of default without any further action by El Paso or this Court.

7. <u>Access to the Leased Premises</u>. The Trustee shall give the Landlord and its agents reasonable access to the leased premises for the purposes of inspection and protection of the premises and similar matters, and shall provide updates as to the efforts to market the Warehouse Lease upon reasonable request from time to time. El

Paso and its agents may also confer directly with the Trustee's listing agent with regard to the status of such marketing efforts.

THE HONORABLE JAMES S. STARZYNSKI
UNITED STATES BANKRUPTCY JUDGE

Submitted by:

JACOBVITZ THUMA & WALKER
A Professional Corporation

By: _____
David T. Thuma
500 Marquette N.W., Suite 650
Albuquerque, New Mexico 87102
(505) 766-9272
(505) 766-9287 (fax)
Attorneys for the Trustee


Approved:

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: _____  2/14/02
Paul M. Fish
500 4th St., N.W., #1000
Albuquerque, New Mexico 87103-2168
(505) 848-1800
Attorneys for Heller Financial, Inc., as agent for Fleet Capital
Corporation, Bank of America N.A., and Heller Financial, Inc.

-5-

JENNIE BEHLES & ASSOCIATES, P.A.

By: _____ 2/14/02
Jennie D. Behles
P.O. Box 849
Albuquerque, NM 87103
(505) 243-9756
Attorneys for Metropolitan Life Insurance Company

Approved as to form:


KIRKPATRICK & LOCKHART LLP

By: _____ 2/14/02
George M. Cheever
535 Smithfield Street
Pittsburgh, PA 15222-2312
(412) 355-6500
(412) 355-6501 (fax)
Attorneys for El Paso Properties Corp.
and Janus Financial Corporation


I hereby certify that a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and parties on:

FEB 1 5 2002

Mary B. Anderson

-6-