UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Furr's Supermarkets, Inc. |
| **Case Number:** | 01-10779 |

## Document Information

| | |
|---|---|
| **Description:** | Order Granting in Part, Denying in Part [2526-1] Third Interim Application For Compensation ( Fees: $ 318430.00, Expenses: $ 11432.48) by Chris W Pierce, attorney for trustee; payment to Chris W. Pierce of $327862.48 in fees . |
| **Received on:** | 2005-02-23 14:12:51.000 |
| **Date Filed:** | 2005-02-23 00:00:00.000 |
| **Date Entered On Docket:** | 2005-02-24 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Mary Anderson |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
Furr's Supermarkets, Inc.,                          No. 7-01-10779-SA
      Debtor.

**ORDER APPROVING THIRD INTERIM APPLICATION BY DAVIS & PIERCE,
P.C., ATTORNEYS FOR CHAPTER 7 TRUSTEE FOR ALLOWANCE
AND PAYMENT OF COMPENSATION FOR THE PERIOD OF
<u>JANUARY 1, 2004 TO AUGUST 31, 2004</u>**

THIS MATTER came before the Court upon the Application filed by the attorneys for the Chapter 7 Trustee, Davis & Pierce, P.C. (William F. Davis, Esq. and Chris W. Pierce, Esq.) ("Applicant"). The Court, being fully advised in the premises, hereby FINDS:

1. On February 8, 2001, Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. An Order for Relief on the Petition was entered on the same date as a matter of course. On December 19, 2001, the Debtor converted the case to a Chapter 7 case, and the Trustee was appointed.

2. On September 27, 2004, Davis & Pierce, P.C., attorneys for the Chapter 7 Trustee, filed its "Third Interim Application by Attorneys for the Chapter 7 Trustee for Allowance and Payment of Compensation for the Period of January 1, 2004 to August 31, 2004" (the "Application.") On August 18, 2003, the Court entered its "Amended Order Approving First Interim Application By Attorneys for the Trustee for Allowance and Payment of Compensation for the Period February 2002 To April 30, 2003," in

which Attorneys were awarded $354,541.61 for attorney's fees, services, expenses and taxes.  This amount has been paid, and no balance remains due and owing. On April 15, 2004, the Court entered its "Order Approving Second Interim Application by Attorneys for Chapter 7 Trustee for Allowance and Payment of Compensation for the Period of May 1, 2003 to December 31, 2003." in which Attorneys were awarded $556,646.05 in compensation for attorney's fees, services, expenses and taxes. This amount has been paid, and no balance remains due and owing.

3.  On September 27, 2004, Notice of the Application was sent to all creditors and parties-in-interest listed on the official limited court matrix, which is attached to the original notice filed herein.  The Notice was sufficient in form and content.

4.  The deadline for filing objections, including three (3) days for mailing, was October 20, 2004.  More than twenty (20) days have elapsed from the date of the mailing of the Notice.

5.  On October 20, 2004 Creditor Bunzl Distribution, Inc. ("Bunzl") filed its Objection to the Third Interim Application (doc 2548).  On October 20, 2004, Creditor Amplex Corporation ("Amplex") filed its Objection to the Third Interim Application (doc 2549).  On October 20, 2004 the United States Trustee filed its Objection to the Third Interim Application (doc 2550).

6. No other objections to the Application have been filed, timely or otherwise.

7. The parties have resolved the above Objections by an agreement to discount the fees requested by a total amount of $2,000.00. This Agreement resolves the U.S. Trustee's objection in full, and resolves all objections made by Bunzl and Amplex (collectively "Creditors"), with the exception of their "benefit to the estate" objection. The "benefit to the estate" objection, as set out in the Brief in Support of Objection to Davis & Pierce's Third Interim Fee Application by Bunzl Distribution USA, Inc. and Amplex Corporation ("Brief") filed on December 6, 2004 (doc 3002), has been preserved by the parties for resolution by the Court.

8. The Court has reviewed the objections and the Brief and is prepared to rule on the "benefit to the estate" objection without the need for the Trustee or Davis & Pierce, P.C. to file a response to the Brief. The Court finds that, based on <u>Gonzales v. Nabisco Division of Kraft Foods, Inc. (In re Furr's Supermarkets, Inc.)</u>, 294 B.R. 763 (Bankr. D.N.M. 2003), it should overrule the objection. (The Court has also considered the Creditors' suggestion to revisit the <u>Nabisco</u> case, Brief at 22; however, nothing in the arguments presented by the Creditors has persuaded the Court that <u>Nabisco</u> was incorrectly decided.)

The policy of the Code is clear: that debtors should be allowed to attempt to reorganize their financial affairs by means of a chapter 11 proceeding, and that a failure of the attempt does not preclude the payment of administrative claims arising out of the failed chapter 11 case.  Thus the Code provides that those expenses have administrative status for distribution of estate funds.  11 U.S.C. Section 726(b).  That being the case, it is surely a "benefit to the estate" to pay the obligations which the Code prioritizes for payment.  These administrative expenses include not just unpaid professional fees, but also worker wage and injury claims, reclamation claims and others.

Some additional comments are appropriate in response to the arguments or statements made in the Brief. First, it is not true that the Trustee has "more or less sued everybody who [sic] Furr's paid within the 90 days prior to the bankruptcy."  Brief at 2.  Nor is it true that the trustee has "done little prior investigation other than to review the debtor's check register and [has] made no effort to determine whether the creditors [have] any valid defenses."  Brief at 23.  Were the Trustee to have so acted, she would have violated FRBP 9011(b); see White v. General Motors Corp., Inc., 908 F.2d 675, 682 (10th Cir. 1990) (White v. GMC II)  ("Part of a reasonable attorney's prefiling

4

investigation must include determining whether any obvious affirmative defenses bar the case.") (Citations omitted.) Instead, every adversary proceeding complaint filed by the Trustee has incorporated at least an accounting that takes into account the subsequent new value defense provided by Section 547(c)(4).

Third, even given that there will be no distribution to prepetition unsecured creditors such as Bunzl and Amplex, the Trustee's recovery of preferences from creditors such as Bunzl and Amplex does in fact conform with the policy of equal distribution that underlies Section 547. <u>See, e.g.</u>, <u>Union Bank v. Wolas (In re ZZZZ Best Co.)</u>, 502 U.S. 151, 161 (1991) ("Second, and more important, the preference provisions facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor. Any creditor that received a greater payment than others of his class is required to disgorge so that all may share equally." Citation omitted.), albeit in this case the result is that it is the shortage that the unsecured creditors end up sharing equally.

9. The Attorneys have been paid $219,634.98 in the Third Application Period on the terms set forth in the "Order Granting Trustee's Motion to Employ Davis & Pierce, P.C. as Counsel for the Trustee," and the remaining balance due for the Third

5

Application Period is $108,227.50, after deducting the discount.

10. The total requested attorneys fees, services, expenses and taxes as set forth below are reasonable and necessary pursuant to 11 U.S.C. §§ 330, 331 and 503, and the Application should be approved, with the exception set out herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the "Third Interim Application by Attorneys for the Chapter 7 Trustee for Allowance and Payment of Compensation for the Period of January 1, 2004 to August 31, 2004" filed on September 27, 2004 is hereby granted and approved, and the Applicant is awarded, after the reduction of $2,000.00, the amount of $327,862.48 for attorney's fees, services, expenses and taxes as a priority, administrative expense, as requested in the Application. Applicant is authorized to retain the $219,634.98 paid in the Third Application Period, and the Trustee may pay the remaining balance due for the Third Application Period in the amount of $108,227.50.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the "benefit to the estate" objection of Bunzl and Amplex is overruled.

*[signature]*

THE HONORABLE JAMES S. STARZYNSKI
U.S. BANKRUPTCY COURT JUDGE

**THIS ORDER CONTAINS MODIFICATIONS TO THE ORIGINAL ORDER SUBMITTED BY E-MAIL.**

Submitted by:

DAVIS & PIERCE, P.C.
<u>/s/ submitted by email 2/7/05</u>
Chris W. Pierce, Esq.
Attorneys for the Trustee
Post Office Box 6
Albuquerque, New Mexico 87103
(505) 243-6129


APPROVED:

<u>Approved by phone 2/7/05</u>
Ronald E. Andazola, Esq.
Office of the United States Trustee
PO Box 608
Albuquerque, New Mexico
PH#: (505) 248-6549
FX#: (505) 248-6558

PUCCINI & MEAGLE, P.A.

<u>Approved [as to form only – jss] by phone 2/4/05</u>
Shay E. Meagle, Esq.
Attorneys for Bunzl Distribution, Inc and
  Amplex Corporation
PO Box 30707
Albuquerque, NM 87190-0707
PH#: (505) 255-0202
FX#: (505) 255-8726

ADDITIONAL PARTIES ENTITLED TO NOTICE:

David T. Thuma, Esq.
JACOBVITZ, THUMA & WALKER, P.C.
500 Marquette NW, Suite 650
Albuquerque, NM 87102

I hereby certify that on February 23, 2005, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

　　　　　　　　　　　　　　　　Mary B. Anderson