UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
FURRS SUPERMARKETS, INC.
    Debtor.                                    No. 11-01-10779 SA

**MEMORANDUM OPINION ON TRUSTEE'S
MOTION FOR SUMMARY JUDGMENT ON
OBJECTION TO RECLAMATION CLAIMS**

On November 11, 2008, the Trustee filed an Amended Threshold Objection to all Reclamation Claims (doc 3364). Coca-Cola Bottling Company of Santa Fe ("Coca-Cola") filed a response (doc 3381). This matter is now before the Court on the Trustee's Motion for Summary Judgment on Amended Threshold Objections to Reclamation Claims ("Motion")(doc 3429)[1]. The Motion was directed at several creditors that responded to the amended objection. All of those creditors settled with the Trustee except Coca-Cola, which filed no response to the Trustee's Motion. The Court finds the motion well taken and will grant it.

In adversary proceedings Summary Judgment is governed by Fed.R.Bankr.P. 7056, which incorporates Fed.R.Civ.P. 56, which in turn provides, in relevant part:

Rule 56. Summary Judgment

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought.

_____

[1] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

The court shall grant summary judgment if the movant
shows that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as
a matter of law.  The court should state on the record
the reasons for granting or denying the motion.

Additionally, New Mexico Local Rule 7056-1 regulates the required

procedure:

**SUMMARY JUDGMENT**

**(a) Memoranda.** The movant shall file with the motion a
memorandum containing a concise statement in support of
the motion with a list of authorities.  A motion for
summary judgment filed without a memorandum may be
summarily denied.  A party opposing the motion shall,
within 21 days after service of the motion, file a
memorandum containing a concise statement in opposition
to the motion with a list of authorities.  If no
response is filed, the court may grant the motion.  The
movant may, within 14 days after the service of a
response, file a reply memorandum.
...
(c) ... All material facts set forth in movant's
statement that are properly supported shall be deemed
admitted unless specifically controverted.

**UNDISPUTED FACTS**

Because Coca-Cola filed no response, the Court deems the

Trustee's Statement of Facts undisputed.  They are:

1. On February 8, 2001 (the "Petition Date"), the Debtor filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy

Code.

2. On the Petition Date, the Debtor owed its secured creditors

over $127,000,000, secured by, inter alia, perfected security

interests in Debtor's inventory.

3. On the Petition Date, the value of the Debtor's inventory of goods purchased for resale was no more than $66,122,939.89.

4. When the Debtor's assets were sold to Fleming Foods, Fleming agreed to pay book value for the Debtor's goods purchased for resale, with certain downward adjustments for discontinued and out-of-date product.

**<u>RECLAMATION</u>**

"Reclamation is the right of a seller to recover possession of goods delivered to an insolvent buyer." <u>Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Co.)</u>, 964 F.2d 842, 844 (8th Cir. 1992). To some extent, the Bankruptcy Code preserves a creditor's reclamation rights. <u>See</u> 11 U.S.C. § 546:

> (c)(1) Except as provided in subsection (d) of this section and in section 507(c), and subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof, the rights and powers of the trustee under sections 544(a), 545, 547, and 549 are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such seller may not reclaim such goods unless such seller demands in writing reclamation of such goods--
>     (A) not later than 45 days after the date of receipt of such goods by the debtor; or
>     (B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.
> (2) If a seller of goods fails to provide notice in the manner described in paragraph (1), the seller still may assert the rights contained in section 503(b)(9).

Case 01-10779-sh7   Doc 3506   Filed 08/15/12   Entered 08/15/12 13:37:11 Page 3 of 6

In New Mexico, a seller's remedies for reclamation are set out in

the Uniform Commercial Code, N.M. Stat. Ann. § 55-2-702, which

provides:

> (1) Where the seller discovers the buyer to be
> insolvent, he may refuse delivery except for cash
> including payment for all goods theretofore delivered
> under the contract, and stop delivery under this
> article (Section 2-705).
> (2) Where the seller discovers that the buyer has
> received goods on credit while insolvent, he may
> reclaim the goods upon demand made within ten days
> after the receipt, but if misrepresentation of solvency
> has been made to the particular seller in writing
> within three months before delivery the ten-day
> limitation does not apply. Except as provided in this
> subsection, the seller may not base a right to reclaim
> goods on the buyer's fraudulent or innocent
> misrepresentation of solvency or of intent to pay.
> (3) <u>The seller's right to reclaim under Subsection (2)
> is subject to the rights of a buyer in ordinary course
> or other good faith purchaser under this article</u>
> (Section 2-403).  Successful reclamation of goods
> excludes all other remedies with respect to them.

(Emphasis added.)

> It is well-established that, absent a showing of
> bad faith, a creditor with a prior perfected security
> interest in inventory which contains an after-acquired
> property clause is a good faith purchaser under the
> UCC.  <u>See, e.g.</u>, <u>In re Samuels & Co.</u>, 526 F.2d 1238,
> 1241-42 (5th Cir. 1976)(en banc); <u>In re Affiliated of
> Florida, Inc.</u>, 237 B.R. 495, 497 (Bankr. M.D. Fla.
> 1998); <u>Mitsubishi Consumer Elec. America, Inc. v.
> Steinberg's Inc.(In re Steinberg's, Inc.)</u>, 226 B.R. 8,
> 10 (Bankr. S.D. Ohio 1998); <u>Sandoz Pharm. Corp. v.
> Blinn Wholesale Drug Co. (In re Blinn Wholesale Drug
> Co.)</u>, 164 B.R. 440, 443 (Bankr. E.D. N.Y. 1994); <u>In re
> Roberts Hardware Co.</u>, 103 B.R. 396, 398-99 (Bankr. N.D.
> N.Y. 1988).

<u>Allegiance Healthcare Corp. v. Primary Health Systems, Inc. (In</u>

<u>re Primary Health Systems, Inc.)</u>, 258 B.R. 111, 114-15 (Bankr. D.

Page -4-

Del. 2001).  "[W]e conclude that where a secured creditor has a floating lien on all of a debtor's inventory and its claim exceeds the value of the inventory, a creditor's reclamation right is valueless and the reclamation creditor is not entitled to receive an administrative or secured claim under section 546(c)(2)."  Id. at 118.  This Court agrees with the Delaware Court's conclusions.

**SUMMARY JUDGMENT**

The undisputed facts establish that on the petition date the secured creditors had a floating lien on inventory and their claims exceeded the value of that inventory.  Therefore, any reclamation right Coca-Cola had was of no value and Coca-Cola is not entitled to an administrative or secured claim.  Therefore, the Plaintiff has shown that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law.  The Court will enter an Order sustaining the Trustee's Objection to the reclamation claim of Coca-Cola.

           Honorable James S. Starzynski
           United States Bankruptcy Judge

Date Entered on Docket:  August 15, 2012

Copies to:

Thomas Walker
Attorney for Trustee
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5309

Coca-Cola Bottling Company of Santa Fe
PO Drawer K
Santa Fe, NM 87504

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Case 01-10779-sh7    Doc 3506    Filed 08/15/12    Entered 08/15/12 13:37:11 Page 6 of 6